**ORTHO DIAGNOSTIC SYSTEMS INC., Plaintiff,**

v.

**MILES INC., Defendant.**

No. 90 Civ. 5043 (WCC).

United States District Court, S.D. New York.

April 8, 1994.

Hopgood, Calimafde, Kalil, Blaustein & Judlowe, New York City (William G. Todd, Porter F. Fleming, Michael F. Hurley, of counsel), for plaintiff.

Sprung, Horn, Kramer & Woods, Tarrytown, New York (Arnold Sprung, Nathaniel D. Kramer, Ira J. Schaefer, of counsel), for defendant.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge:

This action alleging infringement by defendant of two United States patents owned by plaintiff and covering apparatus and methods for photoanalysis of small particles such as blood cells entrained in a thin stream of liquid is before the Court on defendant's motion for summary judgment on the ground of noninfringement. For the reasons stated below, the motion is denied.

### FACTUAL BACKGROUND

The two patents in suit are U.S. Patent No. 3,705,771 issued December 12, 1972 on Photoanalysis Apparatus ("the '771 patent") and U.S. Patent No. 3,785,735 issued January 15, 1974 on Photoanalysis Method ("the '735 patent"). Both derive from the same original application, Serial No. 2,750, filed January 14, 1970 in the names of three inventors, Mitchell Friedman, Louis A. Kamentsky and Isaac Klinger. On January 19, 1972, that application was divided, with the apparatus claims being retained in the original application and a divisional application Serial No. 219,187 being filed containing the method claims. Both patents in suit have expired so that this action is for damages only.

The specification and drawings of the two patents, which are respectively identical, describe and show an apparatus for focusing a beam of light from a source, such as a helium-neon laser, on the liquid containing the particles, such as blood cells, to be analyzed, said liquid flowing within the cylindrical bore of a glass tube oriented perpendicularly to the axis of the beam. The bore of the glass tube is of such fine diameter as to permit the particles to cross the beam axis only one at a time and the light beam is focused in an area so fine as to illuminate only one particle at a

time. Depending upon certain characteristics of the particles, for example, whether they are white or red blood cells, whether they are living or dead, and how they react to certain dyes, they selectively absorb the incident light or refract or scatter it to different angles from the beam axis. The light transmitted through or from the particles is simultaneously detected by several photoresponsive devices, each including a lens and a photovoltaic cell, respectively arranged to receive light at different angular positions relative to the beam axis. Analysis of the output of these detectors permits a determination of the characteristics of the particles.

The '771 patent contains 38 claims, of which only Claims 1, 9, 16 and 38 are independent claims. Although Claim 9 is in most respects the broadest Claim of the patent, both parties have discussed Claim 1 as representative. It reads:

> 1. Apparatus for simultaneous optical measurement of several characteristics of each particle of a group of small particles such as blood cells while the particles are suspended in a liquid,
>
> comprising a source of light
>
> a housing comprised of a material which transmits light from said source and defining an optical chamber,
>
> means for moving the particle suspending liquid through said housing in a thin narrow stream to convey the particles in sequence through the stream one by one,
>
> means for directing light from said light source into one side of said housing to intersect with the thin stream of particles in a narrow beam substantially converging at the intersection with the stream of particles and operable to intersect the entire particle stream,
>
> and at least two photoresponsive pick-up elements positioned outside the housing at different angular positions with respect to the direction of said beam when measured from the intersection of the beam with the stream of particles,
>
> said photoresponsive pick-up · elements being effective to simultaneousely detect different optical reactions of each particle to illumination from the beam.

Claim 9 is similar to Claim 1 except that, in place of the element in Claim 1 which requires "at least two photoresponsive elements positioned outside the housing at different angular positions with respect to the direction of said beam," Claim 9 more broadly specifies "at least one photoresponsive element for detecting light scattered by said particles positioned on the side of said tube member opposite to said light source and displaced away from the direct path of said light beam ... in a direction parallel to the axis of said tube member."

## CONTENTIONS OF THE PARTIES

Plaintiff charges that both Claims 1 and 9, among other claims of the two patents in suit, are infringed by the manufacture, use and sale of defendant's Model H.1 photoanalysis equipment. Defendant does not dispute that all of the elements of both claims, with the exception of those just quoted, which describe the position of the photoresponsive elements, are literally readable on its H.1 equipment. In the H.1 apparatus, there are two optical channels: the Perox channel, which distinguishes between types of white blood cells, and the RBC/Baso channel, in which the RBC channel measures red cell count and hemoglobin content, while the Baso channel identifies basophils, a type of white blood cell, by their distinctive nuclear shape.

In the Perox channel of the H.1 equipment, a semi-transparent mirror is positioned on the light beam axis to intercept light coming from the cell containing the liquid carrying the particles being analyzed, the mirror being oriented at an oblique angle relative to the axis, so as to reflect part of the light to one sensor displaced laterally from the axis, while allowing another part of the light to pass through to another sensor located on the axis. The first sensor, although it is located off-axis, receives and measures the on-axis light reflected by the semi-transparent mirror, while the second sensor, although it is located on-axis, has interposed in front of it a mask with an annular aperture so that the only light which reaches the sensor is that which has been

refracted or scattered through a narrow range of angles relative to the axis. The RBC/Baso channel is similar except that it has three sensors, one located on the light beam axis and two laterally displaced therefrom. The two latter sensors receive light reflected from a semi-transparent mirror located on the light beam axis to a second semi-transparent mirror which reflects part of that light to one of the two off-axis sensors while allowing the remainder of the light to pass through to the other off-axis sensor.

Defendant contends that since each of the off-axis sensors in both the Perox and RBC/Baso channels is part of a photoresponsive assembly which includes an on-axis mirror, neither of these channels infringes either Claim 1 or Claim 9 of the '771 patent because neither has a "photoresponsive pick-up element" laterally displaced from the light beam axis. Plaintiff counters that since in both channels there are masks or "dark stops" which allow only off-axis refracted or scattered light to reach at least one of the sensors, each channel satisfies this claim limitation literally or at least under the doctrine of equivalents.

### DISCUSSION

■ As frequently stated, summary judgment may not be granted if there is a genuine issue of material fact. Rule 56(c), F.R.Civ.P. It is thus appropriate only if the moving party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Laitram Corp. v. NEC Corp.,* 952 F.2d 1357, 1363 (Fed.Cir.1991).

Defendant contends that there is no issue of material fact in this case because the interpretation of a patent claim is a legal question. Plaintiff correctly responds that the issue of infringement is one of fact and that a motion for summary judgment on that issue accordingly must be approached "with a care proportioned to the likelihood of its being inappropriate." *Moeller v. Ionetics, Inc.,* 794 F.2d 653, 656 (Fed.Cir.1986).

■ In this case, there is clearly an issue of fact as to whether in defendant's accused H.1 equipment there is "at least one photo-

responsive pick-up element ... displaced away from the direct path of the light beam," as called for in Claim 9 of the '771 patent, or "at least two photoresponsive pick-up elements positioned ... at different angular positions with respect to the direction of said beam," as called for in Claim 1 of that patent.

The specification of the patent makes clear that the purpose of locating at least one of the photoresponsive pick-up devices at a position laterally displaced from the axis of the light beam is to cause it to pick up only light which has been refracted or scattered by the particles suspended in the liquid moving through the light beam. The specification also leaves no doubt that the photoresponsive pick-up devices referred to in the claims include not only the sensors themselves but the mirrors, lenses and other optical elements associated with them. Indeed, defendant has itself applied this interpretation by arguing that, in its accused equipment, the off-axis sensors are part of an on-axis photoresponsive pick-up device because they receive light from the light beam axis which is reflected by a semi-transparent mirror positioned on the axis. It therefore appears that the critical factor in determining whether a photo-responsive pick-up device is located on the axis of the light beam or is angularly displaced from the axis is not where its sensor element is located but whether it detects the direct, unscattered light traveling along the axis or the light which has been refracted or scattered away from the axis by the particles in the liquid flowing across the light beam. Thus, a photoresponsive pick-up device may fairly be considered to be located at a position displaced from the axis of the light beam if it is designed to and actually does selectively measure the light which is refracted or scattered away from said axis through a predetermined range of angular displacement.

It appears that in both the Perox and RBC/Baso channels of defendant's H.1 equipment, there is at least one photoreponsive pick-up device which does detect such scattered light, as well as at least one other which detects light on the beam axis. Thus there is clearly a triable claim of literal infringement of Claims 1 and 9 of the '771

patent or, at the very least, a triable claim of infringement under the doctrine of equivalents. Beyond any question, the Court cannot conclude as a matter of law that these claims are not infringed.

Defendant's motion for summary judgment must be and is hereby denied.

So Ordered.